UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HENRY PHIPPS PLAZA SOUTH ASSOCIATES LTD.
PARTNERSHIP,

                              Plaintiff,


              -against-                                    12 Civ. 1060 (LAK)


OCTAVIA RODRIGUEZ, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


              Appearances:


                          GUTTMAN, MINTZ, LEVY & SONNENFELDT, P.C.
                          *Attorneys for Plaintiff*


                          Anthony M. Bentley
                          *Attorneys for Defendants Octavia Rodriguez and Christina
                          Velez*


LEWIS A. KAPLAN, *District Judge.*

              This landlord-tenant holdover proceeding was removed from the New York City

Civil Court, ostensibly on the basis of the presence of a federal question over which this Court

would have original jurisdiction.  The Court raised the jurisdictional issue *sua sponte,* as it was

obliged to do, issuing an order to show cause why the action should not be remanded to the court

from which it was removed.  The Court now has had the benefit of the removing defendants'

submission and holds that the action was not properly removed.

*Facts*

Plaintiff Henry Phipps Plaza South Associates Ltd. Partnership ("Landlord") leased an apartment to defendant Octavia Rodriguez. The apartment came to be occupied by two sub-tenants, defendants Christina Velez and Anthony Reed. The tenant receives public housing assistance under the federal Section 8 housing program.

On October 28, 2011, the New York County District Attorney informed the landlord that police had executed a search warrant at defendants' apartment, where they discovered evidence that the premises were used for the illegal business of marijuana dealing, and requested the institution of eviction proceedings.

On or about December 14, 2011, the Landlord served a notice of termination on defendants which stated that the lease was terminated, effective January 3, 2012:

> "pursuant to Sections 711(5) and 715(1) of the Real Property Actions and Proceedings Law, Section 231(1) of the Real Property Law, and the Rules and Regulations of 13(b), 13(c), 13(e), 14 and 24 of your Lease Agreement and the Rules and Regulations of the Department of Housing and Urban Development as you receive a Section 8 subsidy for substantial rehabilitation pursuant to 42 USC 1437(a), 1437(c), 1437(f), 3535(d) and 24 CFR 881, due to your using or permitting the subject premises to be used for an immoral or illegal purpose and for an illegal trade or business, to wit: the sale, storage, packaging or manufacturing of a controlled substance."

On January 4, 2012, the Landlord commenced a holdover eviction proceeding in the Civil Court. The petition alleged that (1) the lease had expired on January 3, (2) the tenant continued in possession, and (3) the building was exempt from the New York City rent control laws "as it is subject to the Section 8 Housing Assistance Payment Program for substantial rehabilitation pursuant to 42 USC 1437(a), 1437(c), 1437(f) and 3535(d) and 24 CFR 881," and sought a judgment and a warrant of eviction.

On February 10, 2012, defendants Rodriguez and Velez removed the proceeding to

this Court.  The purported basis for the removal was the following language, quoted selectively from the notice of termination:

> "pursuant to . . . the Rules and Regulations of the Department of Housing and Urban Development as you receive a Section 8 subsidy for substantial rehabilitation pursuant to 42 USC 1437 . . . and 24 CFR 881 [sic]."

The removing defendants therefore claim that this Court has original jurisdiction over the holdover proceeding.

On February 14, 2012, the Court issued an order to show cause why the action should not be remanded.  It identified possible bases for concerns as including the failure of all defendants to join in the notice of removal, the lack of a showing of timeliness, and subject matter jurisdiction. The removing defendants responded on February 24, 2012, claiming in sum and substance that the removal was timely, that defendant Reed had not been served and therefore was not required to join in the removal, and that the action arises under federal law because the lease provisions upon which the landlord rested in terminating on the basis of the apartment's use for drug activities were included in the lease in accordance with the United States Housing Act.

*Discussion*

United States district courts have jurisdiction over "all civil actions arising under the . . . laws . . . of the United States.[1]  An action arises under a federal statute where the statute creates or is a necessary element of the cause of action or the plaintiff would prevail if the statute were

---

[1] 28 U.S.C. § 1331.

construed one way and lose if it were construed another.[2]  With exceptions not relevant here, civil actions arising under federal law but commenced in state courts may be removed to federal district courts.

In ordinary circumstances, the question whether a state court action arises under the laws of the United States is governed by the well-pleaded complaint rule, which holds that "a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."[3]  A party removing a case, whether based on the claimed existence of a federal question or on other grounds, bears the burden of establishing a proper ground for removal.[4]

The petition here (1) alleges that the tenants continue in possession after expiration of the lease, (2) annexes and incorporates the notice of termination,[5] and (3) alleges that the building is exempt from New York City rent control subject to the Section 8 housing program pursuant to

---

[2]

*E.g., Franchi v. Manbeck,* 947 F.2d 631, 633 (2d Cir.1991); *Stone & Webster Eng'g Corp. v. Ilsley,* 690 F.2d 323, 328 n. 4 (2d Cir.1982), *aff'd without consideration of the point sub nom. Arcudi v. Stone & Webster Eng'g Corp.,* 463 U.S. 1220 (1983).

[3]

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983).

[4]

*See, e.g.*, *Rubin v. MasterCard Int'l, LLC*, 342 F. Supp. 2d 217, 219 (S.D.N.Y. 2004).

[5]

In this case, as in all New York holdover proceedings, the pleadings commencing the action were the notice of petition and the petition.  N.Y. REAL PROP. ACT. & PROC. L. § 731, subd. 1 (summary eviction proceeding "shall be commenced by petition and a notice of petition").  The notice of termination was a notice required by state statute, the Section 8 regulations and, presumably, the lease as a prerequisite to an effective termination of the tenancy.  *See, e.g., Lamlon Dev. Corp. v. Owens,* 141 M.2d 287, 290, 533 N.Y.S.2d 186, 188-89 (Nassau Co. Dist. Ct. 1988).  As the petition incorporates the notice of termination and as the Court concludes that even the notice of termination did not allege a claim arising under federal law, this distinction is immaterial here.

federal statute.

The allegation that the building is exempt from the New York City rent control law and the situation appropriate for a holdover proceeding raises no substantial federal question, at least in view of the lack of any showing by the removing defendants that there is a genuine controversy with respect to whether the apartment in question is covered by the Section 8 program.[6]  Nor, standing alone, does the contention that the Landlord is entitled to evict because the tenants continue in possession after expiration of the tenancy.   The Court therefore turns to the question whether the case arises under federal law by virtue of the allegation in the notice of termination, incorporated into the petition, that the lease had been terminated:

> "pursuant to Sections 711(5) and 715(1) of the Real Property Actions and Proceedings Law, Section 231(1) of the Real Property Law, and the Rules and Regulations of 13(b), 13(c), 13(e), 14 and 24 of your Lease Agreement and the Rules and Regulations of the Department of Housing and Urban Development as you receive a Section 8 subsidy for substantial rehabilitation pursuant to 42 USC 1437(a), 1437(c), 1437(f), 3535(d) and 24 CFR 881, due to your using or permitting the subject premises to be used for an immoral or illegal purpose and for an illegal trade or business, to wit: the sale, storage, packaging or manufacturing of a controlled substance."

Notwithstanding this language, the petition, read in its entirety, seeks recovery of the premises on state law grounds – viz., that the tenancy had terminated because the premises had been used for an illegal business.  The claim that the tenancy had terminated for that reason in turn rests on three alternative legal theories:  (1) Sections 711(5) and 715(1) of the Real Property Actions and Proceedings Law and 231(1) of the Real Property Law, which permit termination where the

---

[6]    *E.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (federal issue must be "actually disputed and substantial").  In view of the lack of any actual and substantial dispute on the issue, the Court need not consider whether a federal question otherwise would be stated by the allegation that the premises are exempt from rent control, and thus a proper subject for a summary holdover proceeding, by virtue of its inclusion in the Section 8 program.

premises are used for an illegal business, (2) violation of the terms of the lease, and (3) violation of rules and regulations of the U.S. Department of Housing and Urban Development. The existence of a federal question permitting removal therefore depends upon whether the existence of a legal theory based on federal law, along with other, independent legal theories based entirely on state law, is sufficient here, where among other considerations all theories depend upon the same factual predicate.

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,[7] the Supreme Court held that a district court has jurisdiction over a case that asserts exclusively state law claims where three conditions are met.  First, the "state-law claim [must] necessarily raise a stated federal issue."[8]  Second, the federal issue must be "actually disputed and substantial."[9]  Finally, the federal question must be of such a nature that "a federal forum may entertain [it] without disturbing any congressionally approved balance of federal and state judicial responsibilities."[10]  The fact that an issue of federal law *may* be examined in the course of the action, however, does not "suffice to open the 'arising under' door."[11]

The Second Circuit more recently elaborated on this standard in *Broder v.*

---

[7]      545 U.S. 308.

[8]      *Id.* at 314.

[9]      *Id.*

[10]      *Id.*

[11]      *Id.* at 313.

*Cablevision Systems Corp.,*[12] where it wrote that, in considering such questions, courts must examine "whether at least one federal aspect of [the] complaint is a logically separate claim rather than merely a separate theory that is part of the same claims as a state-law theory."[13] Federal jurisdiction exists where there is a distinct federal "claim." Where the federal issue presented is just one of several competing "theories," however, the case must be remanded.

  *Grable* and *Broder* raise difficult questions in some cases.[14]  But this is not one of them.  Here, the contention that HUD regulations permitted termination of the tenancy on the basis of the use of the premises for illegal purposes is but one of three legal theories advanced by the Landlord for terminating the lease on the basis of exactly the same facts.  Two of them – Sections 711 and 715 of the Real Property Actions and Proceedings Law and 231 of the Real Property Law as well as violation of the rules and regulations of the lease – raise purely state law issues.  Plaintiff may obtain the relief it seeks without prevailing on the HUD contention.  Thus, resolution of the question whether the use of the premises warranted termination under the HUD regulations is unnecessary to disposition of this holdover proceeding.  Nor is the federal issue a claim "logically separate" from the state law contentions.  Moreover, the Court must consider – rather than blind itself to – the consequences of a contrary conclusion, which would lead to substantial diversion of landlord-tenant cases from state to federal courts in the absence of any indication that Congress ever

---

[12]  418 F.3d 187 (2d Cir. 2005).

[13]  *Id.* at 194 ("[o]ne of the key characteristics of a mere 'theory,' as opposed to a distinct claim, is that a plaintiff may obtain the relief he seeks without prevailing on it").

[14]  *See* 13D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 3562 (3d ed. 2011).

8

intended such a disruption in the ordinary "balance of federal and state judicial responsibilities."[15]

*Conclusion*

For the foregoing reasons, this action is remanded to the New York City Civil Court, New York County, from which it was removed.[16]

SO ORDERED.

Dated:        February 27, 2012

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[15]

*Grable*, 545 U.S. at 314.

[16]

In view of this disposition, the Court does not pass on the questions whether the removal was timely and whether remand is required also by the failure of one of the defendants to join in it.